IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMPRESS CANDACE SPENCER-DEY, ) | CASE NO. 1:16 CV 1224 |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| DEBORAH JEAN NICASTRO, ) | |
| Defendant. ) | |

*Pro se* Plaintiff Empress Candace Spencer-Dey filed the above-captioned action against Garfield Heights Municipal Court Judge Deborah Nicastro. In the Complaint, Plaintiff alleges Judge Nicastro did not grant the Motion to Dismiss that she filed in her traffic case. She asserts claims for treason, false personation, fraud, conspiracy, deprivation and due process violations. She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2). That Application is granted.

**Factual and Procedural Background**

Plaintiff's Complaint contains no facts and is composed almost entirely of meaningless rhetoric. She asserts Moorish nationality but claims she is indigenous to the land. She appears to have been the Defendant in a traffic case assigned to Judge Nicastro in 2015. In the course of that case, Plaintiff filed a Motion to Dismiss asserting that the Garfield Municipal Court had not proved

jurisdiction to hear the case. Judge Nicastro denied the Motion. Plaintiff asserts claims against the Judge for treason, false personation, fraud, conspiracy, deprivation and due process violations.

## Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## Discussion

Judicial officers are absolutely immune from civil lawsuits, including those filed under 42 U.S.C. § 1983, which are based on decisions made in the course of presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff contests Judge Nicastro's ruling against her in a traffic matter. She has not presented any facts suggesting one of the exceptions to immunity applies in this case. Judge Nicastro is therefore absolutely immune from suit.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 2, 2016